# UNITED STATES DISTRICT COURT
## District of Rhode Island

UNITED STATES OF AMERICA
v.
**ARMAN TER-ESAYAN**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1:07CR00086-01S**

USM Number: **05865-070**

**George Buehler, Esq.**
Defendant's Attorney

**THE DEFENDANT:**

[✓] pleaded guilty to count(s): **I and II of the Information** .
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Access Device Fraud | February 26, 2007 | I |
| 18 U.S.C. §§ 1028A(a) (1) and (c)(4) | Fraud with Identification Documents | February 26, 2007 | II |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) __.

[ ] Count(s) ___ [ ] is [ ] are dismissed on motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

**September 7, 2007**
Date of Imposition of Judgment

WESmith
Signature of Judicial Officer

**WILLIAM E. SMITH**
**United States District Judge**
Name & Title of Judicial Officer

9/18/07
Date

CASE NUMBER: **1:07CR00086-01S**
DEFENDANT: **ARMAN TER-ESAYAN**



# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **48 months as to count I and 24 months as to count II to be served consecutive to count I**.

[✓] The court makes the following recommendations to the Bureau of Prisons:

**1. Defendant to be placed in a facility that provides a drug and alcohol treatment program**
**2. Defendant be placed in a facility close to his family in Southern California**

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at __ on __.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on __.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

Defendant delivered on ________________ to ____________________

at __________________, with a certified copy of this judgment.

____________________
UNITED STATES MARSHAL

By ____________________
Deputy United States Marshal

CASE NUMBER: **1:07CR00086-01S** 
DEFENDANT: **ARMAN TER-ESAYAN**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to count I and 1 year as to count II to run concurrent with count I**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)
[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)
[✓] The defendant shall cooperate with the collection of DNA as directed by the probation officer. (Check, if applicable)
[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**FOR OFFICIAL USE ONLY - US PROBATION OFFICE**

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or (3) modify the conditions of supervision.
These conditions have been read to me. I fully understand them and have been provided a copy.

(Signed)

Defendant — Date

US Probation Officer/Designated Witness — Date

CASE NUMBER: **1:07CR00086-01S**
DEFENDANT: **ARMAN TER-ESAYAN**



# SPECIAL CONDITION(S) OF SUPERVISION

**In addition, the defendant shall comply with the following special condition(s):**

1. **Pursuant to 18 U.S.C. §3583(d) as a condition of supervised release, the defendant shall be surrendered to Immigration Officials for deportation proceedings under the Immigration and Naturalization Act, and if deported shall remain outside the United States, unless granted permission to re-enter by the Attorney General of the United States.**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | **$200.00** | **$0.00** | **$132,262.07** |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✓] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| **See next page.** | | | |
| TOTALS: | $132,262.07 | **$132,262.07** | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $_______

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ] the interest requirement is waived for the [ ] fine and/or [ ] restitution.

[ ] the interest requirement for the [ ] fine and/or [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: 1:07CR00086-01S 
DEFENDANT: ARMAN TER-ESAYAN

# RESTITUTION PAYEES

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| American Express<br>442 Main St.<br>Malden, MA 02148 | $892.33 | $892.23 | 1% |
| Bank of America<br>101 S. Marengo Avenue<br>Pasadena, CA 91101 | $11,349.05 | $11,349.05 | 9% |
| Bank RI<br>One Turks Head Place<br>Providence, RI 02903 | $1,555.10 | $1,555.10 | 1% |
| Capital One Bank<br>PO Box 85582<br>Richmond, VA 23260 | $5,306.08 | $5,306.08 | 4% |
| Centerville Bank<br>1218 Main St.<br>West Warwick, RI 02893 | $10,278.53 | $10,278.53 | 8% |
| Chase<br>4900 Memorial HWY FS III-2<br>Tampa, FL 33634 | $4,287.92 | $4,287.92 | 3% |
| Citigroup<br>47 Independence Way<br>Norwood, MA 02062 | $1,262.63 | $1,262.63 | 1% |
| Citizens Bank<br>100 Sockanosset Crossroads<br>Cranston, RI 02920 | $50,294.25 | $50,294.25 | 38% |
| Coastway Credit Union<br>25 Lovell Avenue<br>Cranston, RI 02910 | $4,330.00 | $4,330.00 | 3% |
| Coventry Credit Union<br>2006 Nooseneck Rd.<br>PO Box 4004<br>Coventry, RI 02816 | $10,811.41 | $10,811.41 | 8% |
| Discover Financial<br>6500 New Albany Rd<br>New Albany, OH 43054 | $1,454.00 | $1,454.00 | 1% |
| E*Trade Bank<br>671 N Glebe Road<br>Arlington, VA 22203 | $603.50 | $603.50 | 1% |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| | | | |
|---|---|---|---|
| **Greenwood Credit Union**<br>**2669 Post Road**<br>**Warwick, RI 02886** | **$1,031.75** | **$1,031.75** | **1%** |
| **H&R Block Bank**<br>**2300 Main Street**<br>**Suite 100**<br>**Kansas, MO 64108** | **$54.50** | **$54.50** | **1%** |
| **HSBC Bank Nevada N.A.** | **UNKNOWN** | | |
| **Navy Federal Credit Union**<br>**820 Follin Lane**<br>**Vienna, VA 22180** | **$1,506.17** | **$1,506.17** | **1%** |
| **Pennsylvania State Employees**<br>**Credit**<br>**1 Credit Union Place**<br>**Harrisburg, PA 17110** | **$1,408.00** | **$1,408.00** | **1%** |
| **Providence Postal Federal**<br>**Credit Union**<br>**24 Corless St.**<br>**Providence, RI 02904** | **$2,214.00** | **$2,214.00** | **1%** |
| **Sovereign Bank**<br>**1 Sovereign Way**<br>**East Providence, RI 02914** | **$14,858.00** | **$14,858.00** | **11%** |
| **United Heritage Credit Union**<br>**12208 North MO PAC**<br>**Express Way**<br>**Austin, TX** | **$1,506.00** | **$1,506.00** | **1%** |
| **USAA Federal Savings Bank**<br>**10750 McDermott Freeway**<br>**San Antonio, TX 78288** | **$1,208.00** | **$1,208.00** | **1%** |
| **Washington Mutual Bank**<br>**4920 Johnson Dr**<br>**Pleasanton, CA 94588** | **$1,782.85** | **$1,782.85** | **1%** |
| **The Washington Trust Company**<br>**23 Broad Street**<br>**Westerly, RI 02891** | **$3,060.00** | **$3,060.00** | **1%** |
| **Wells Fargo Bank**<br>**PO Box 5943**<br>**Sioux Falls, SD 57117** | **$906.00** | **$906.00** | **1%** |
| **Central ON Federal Credit**<br>**Union**<br>**714 Main Street**<br>**Shrewsbury, MA 01545** | **$302.00** | **$302.00** | **1%** |
| TOTALS: | **$132,262.07** | **$132,262.07** | **100%** |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** [✓] Lump sum payment of $132,462.07 due immediately.

[ ] not later than _, or
[ ] in accordance with [] **C**, [] **D**, [] **E**, or [] **F** below; or

**B** [ ] Payment to begin immediately (may be combined with [] **C**, [] **D**, or [] **F** below); or

**C** [ ] Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [] Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
Gevork Baltadjian CR07-86-02S $132,262.07

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.